502

Conway, Administrator, Appellant, vs. Providence Washington Insurance Company of Providence, R. I., Respondent.

*March 31—April 29, 1930.*

504

*Allan V. Classon* of Oconto, for the appellant.

For the respondent there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *James D. Shaw.*

FOWLER, J. The plaintiff lays several grounds of error. If two of them be determined against him the rest are of no consequence. The two may be stated thus: (1) The court erred in not submitting the issues other than damages to the jury. (2) The court erred in dismissing the complaint.

(1) The defendant seasonably requested a special verdict and the court was thereupon bound to submit the contro-

verted issues of fact by such a verdict. Sec. 270.27, Stats. The plaintiff was bound to know that the case would be submitted on a special verdict if submitted to the jury at all. Although only one question was submitted to the jury, this question constituted a special, as distinguished from a general, verdict. Sec. 270.28 provides in effect that when a case is submitted on a special verdict and a question covering any issuable fact essential to sustain a judgment is omitted from the verdict, absence of request for insertion in the verdict of a question covering such fact shall be deemed a waiver of a jury trial as to such fact and a consent that such fact be determined by the court. One of the issuable facts in the case was whether the hazard from fire was increased by any means within the control or knowledge of the insured. No request was made by either party for submission of a question for determination of this fact. The plaintiff is therefore bound by the court's finding in this regard, even if under the evidence it was a jury question. The court found that the hazard was so increased, and this fact alone controls the case in favor of the defendant. The finding was clearly supported by the evidence in view of plaintiff's testimony that he knew the condition of the building the middle of February and that the doors had then been out for "several weeks." Leaving the building for several weeks without outside doors and with first-floor windows broken out which would invite depredations by children, was manifestly increasing the hazard by means within the plaintiff's control. He could have at least boarded up the doors and windows as a means of removing the increased hazard, and could have put some one in charge if necessary to remove it. At least the court was justified in so concluding. The fact that a fire had occurred on the first floor was obvious on plaintiff's visit in February, if he did not know of the fact before, and this lends strong support to the court's finding.

As the court's finding upon the question stated necessarily rules the case in favor of the defendant, whether the court

erred in finding that the building remained vacant longer than was reasonably necessary to enable the plaintiff to procure a new tenant instead of submitting a question covering the fact to the jury as requested by defendant, becomes immaterial. It also disposes of the plaintiff's alleged second ground of error.

*By the Court.*—The judgment is affirmed.